UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH CHARLES CANNAN,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>SANDRA HUTCHENS,<br><br>　　　　　Respondent. | NO. SACV 09-01264-GAF (SS)<br><br>**ORDER ADOPTING FINDINGS,**<br><br>**CONCLUSIONS, AND RECOMMENDATIONS OF**<br><br>**UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Final Report and Recommendation of the United States Magistrate Judge (the "R&R"),[1] and Petitioner's June 23, 2011 Objections (the "Objections"). After having made a de novo determination of the portions of the Final Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings and conclusions of the Magistrate Judge.

---

[1] The Final Report and Recommendation is substantively identical to the Second Amended Report and Recommendation and does not change any of the analysis or recommendations. Only minor errors have been corrected.

However, the Court addresses below certain arguments raised in Petitioner's Objections.

Petitioner "strongly disagrees with the Magistrate's determination that the trial court properly considered the language in the Arizona appellate memorandum" to find that Petitioner was intoxicated during his prior Arizona conviction. (Objections at 2). Petitioner concedes that the Arizona Court of Appeals made a factual finding that he was intoxicated and further admits that it is "permissible under certain circumstances to allow language from an appellate decision to inform us of certain facts." (Id. at 4). However, Petitioner argues that the Arizona Court of Appeals' factual finding was not reliable because it was not based on a "review of a jury trial or a hearing where evidentiary issues regarding the facts of the case were resolved." (Id.).

Contrary to Petitioner's arguments, however, the Arizona Court of Appeals' factual findings are entitled to a presumption of correctness on habeas review. See 28 U.S.C. § 2254(e)(1); Slovik v. Yates, 556 F.3d 747, 749 n.1 (9th Cir. 2009). Petitioner had the opportunity to challenge the Arizona Court of Appeals' factual findings by seeking review of that decision in the Arizona Supreme Court and he declined to seek such review. Because he failed to challenge the Arizona Court of Appeals' memorandum of decision, he "is now bound by what it says." United States v. Snellenberger, 548 F.3d 699, 702 (9th Cir. 2008) (en banc) (per curiam). In Snellenberger, the Ninth Circuit, sitting en banc, held that a state court clerk's minute order qualified as a

sufficiently reliable judicial record of the defendant's prior conviction such that it could be used to determine the factual basis of his prior plea and impose an enhanced sentence. Id. at 701-02. The defendant argued that the minute order was not reliable because it was "not something that [was] approved, or even seen, by the parties, so he shouldn't be held responsible for its contents." Id. at 702. The Ninth Circuit disagreed:

> [I]t's enough that the minute order was prepared by a neutral officer of the court, and that the defendant had the right to examine and challenge its content, whether or not he actually did. Having failed to challenge or correct the minute order in state court--perhaps because there wasn't a basis for doing so--[the defendant] is now bound by what it says . . . .

Id.

More importantly, however, Petitioner is not entitled to habeas relief because the California Court of Appeal's broad construction of the prior conviction exception was reasonable under AEDPA. Specifically, the California Court of Appeal held that the Arizona Court of Appeals' memorandum decision qualified as a permissible "record of conviction," (Lodgment 11 at 14), and that trial courts are permitted to "'examine the record of the prior criminal proceeding to determine whether the earlier conviction subjects the defendant to an increased sentence [even] when that conviction does not itself establish on its face whether or not the conviction constitutes a qualifying prior

3

conviction for purposes of the applicable sentencing statute.'" (Id. at 18) (quoting People v. McGee, 38 Cal. 4th 682, 686, 42 Cal. Rptr. 3d 899 (2006)) (brackets in original). Indeed, in People v. McGee, the California Supreme Court rejected a narrow construction of the prior conviction exception:

> "[W]e believe the Court of Appeal improperly minimized the distinction between sentence enhancements that require factfinding related to the circumstances of the current offense, such as whether a defendant acted with the intent necessary to establish a 'hate crime'—a task identified by Apprendi as one for the jury—and the examination of court records pertaining to a defendant's prior conviction to determine the nature or basis of the conviction—a task to which Apprendi did not speak and the type of inquiry that judges traditionally perform as part of the sentencing function.

McGee, 38 Cal. 4th at 709 (emphasis in original) (internal quotation marks omitted).

The Ninth Circuit has recognized that the Supreme Court has not yet defined "the outer bounds of the 'prior conviction' exception after Apprendi," Butler v. Curry, 528 F.3d 624, 644 (9th Cir. 2008), and that therefore, "[c]ourts may reasonably disagree about some of the precise boundaries of the exception." Wilson v. Knowles, 638 F.3d 1213, 1215 (9th Cir. 2011). Thus, the Ninth Circuit has held that a state court's broad interpretation of the prior conviction exception is reasonable

4

under AEDPA as long as it "is consistent with many other courts' interpretations." Kessee v. Mendoza-Powers, 574 F.3d 675, 679 (9th Cir. 2009). Here, the California Court of Appeal's broad interpretation of the prior conviction exception is reasonable under AEDPA because it is consistent with the California Supreme Court's opinion in People v. McGee as well as many other courts' interpretations. See, e.g., id. at 678-79 nn. 4-5 (collecting cases with broad interpretations of the prior conviction exception).

Finally, Petitioner argues that the Magistrate Judge misapplied harmless error review by evaluating the evidence presented at sentencing to determine whether a jury would have found beyond a reasonable doubt that Petitioner was intoxicated when he committed the manslaughter that led to his Arizona conviction. (Objections at 13). However, this is precisely how harmless error review works. The appropriate inquiry is "whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." Butler, 528 F.3d at 648. Here, there is no question that a jury would have found beyond a reasonable doubt that Petitioner was intoxicated when he committed manslaughter in Arizona. As set forth in the R&R, (R&R at 28-29), a jury would have heard Officer Pike's testimony that he "detected a strong odor of an alcoholic beverage coming from [Petitioner's] breath," (2 CT 349), and considered a blood alcohol test finding that Petitioner's blood alcohol content was .14 percent. (2 CT 351). This evidence easily establishes that Petitioner's blood alcohol content was above the California limit of .08 percent. See Cal. Veh. Code § 23152(b). Petitioner has failed to provide any evidence whatsoever that he was not intoxicated and

certainly has not rebutted the state courts' finding that he was intoxicated by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 19, 2011

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

6